THE SOUTHERN NATIONAL BANK

*v.*

WILLIAM A. DARLING.

1. In the absence of statutory regulation or an independent practice, this court follows the practice of the court of chancery of England, and the rule of practice of that court is, in such a case, the law of this court.

2. A complainant, whose suit has been stayed by order until he files security for costs, does not relieve himself from the stay, so as to put the defendant in default for not pleading, by simply filing security, but, to place the defendant in a position where time will run against him, the complainant must, in addition to filing security, give notice that security has been filed.

On application to set aside decree *pro confesso,* heard on petition and affidavit.

*Mr. John W. Taylor,* for the defendant.

*Mr. Edward H. Murphy,* for the complainant.

VAN FLEET, V. C.

This is a foreclosure suit. The complainant is a banking corporation located in the State of New York. The defendant is a resident and citizen of the same state. · He was not brought into

·court by the service of process, but by notice given under an ·order of publication. The order of publication, as well as the notice sent to the defendant, required him to appear and make ·defence on or before the 31st day of August, 1891. On the 9th ·day of July the defendant obtained an order requiring the com-plainant to file security for costs, and staying all further proceed-ings until such security should be filed. This order was not served until July 13th. Security was filed July 22d, but notice was not given that security had been filed until July 28th. The ·defendant filed an answer September 11th. His answer sets up ·a meritorious defence. With full notice that the answer was on file, the complainant caused a decree *pro confesso* to .be made against the defendant on the 2d day of October, and subse--quently took a final decree and caused a *fieri facias* to be issued ·and the mortgaged premises to be advertised for sale. The ·defendant now asks to have the decree *pro confesso* and all the subsequent proceedings, so far as they affect him, set aside. There is no dispute that the defendant has a right to have his ·defence heard, but the dispute is as to the terms upon which he ·shall be allowed to have it heard. The complainant contends· that the defendant's answer was not filed within the time limited by law, and it therefore insists that his defence should not be heard, except on condition that he pays all costs incurred subse--quent to and including the decree *pro confesso*, together with the costs of the present application; while the defendant, on the ·other hand, insists that his answer was filed within time, and, ·consequently, that the decree *pro confesso* was entered not only irregularly, but in violation of his right of defence, and should, for that reason, be set aside, together with everything which has succeeded it, at the cost of the complainant. It is thus seen that the decision of the question in dispute depends entirely upon whether the answer was filed in season or not.

Counsel are agreed that the time intervening between the day when an order for security is served, and the day when security is given, is not to be reckoned in computing the time allowed to ·a defendant to file the pleading under which he intends to defend. The pertinent rule is stated by Daniell in this wise:

"The day on which an order that the plaintiff do give security for costs is served, and the time thenceforward until and including the day on which security is given, are not reckoned in the computation of the time allowed a defendant to plead, answer or demur, or otherwise make his defence to the suit." *1 Dan. Ch. Pr. (5th ed.) 740.*

Smith and Braithwaite state the rule substantially in the same way. *1 Sm. Ch. Pr. 116; Braithw. Pr. (ed. of 1858, London) 534.* Counting the day on which the order in this case was served (July 13th), and also the day on which security was filed (July 22d)—and this is the method of computation prescribed by the rule—the complainant's suit stood arrested or stayed for a period of ten days, and the defendant's time to answer was enlarged for just that period. But this enlargement only extended his time to September 10th, and his answer was not filed until the next day, September 11th. So that if it be true, as the complainant contends, that by simply filing security, and without notice to the defendant that security had been filed, it relieved itself from the stay, and put the defendant in a position where time would run against him, it is clear that the answer in this case was filed a few hours out of time, and the defendant was in default when the decree *pro confesso* was entered.

But is it true that the complainant in such a case is under no duty to give notice? This, I believe, is the first time that this question has been raised in this state. We have no statute, rule or practice on the subject. At least, I know of none. In the absence of statutory regulation or an independent practice, this court follows the practice of the English court of chancery, and the rule of practice of that court is, in such a case, the law of this court. *West v. Paige, 1 Stock. 203, 204; Morris v. Taylor, 8 C. E. Gr. 131, 134.* And under like circumstances the court of errors and appeals follows the practice of the house of lords of England. *Newark and New York R. R. Co. v. Newark, 8 C. E. Gr. 515, 517.* Both Braithwaite and Daniell, in their works on the practice of the court of chancery of England, say, in describing how security for costs is given, that after the bond is executed it must be left with the clerk of records and writs,

Southern National Bank *v.* Darling.

and that the day on which the bond is so left is regarded as the day on which security is given, and then add :

" Notice of having so left the bond must be given on the same day to the solicitor of the defendant who called upon the plaintiff to give the security. And it is desirable that notice thereof should likewise be given to the solicitors of all the other defendants." *Braithw. Pr. 534; 1 Dan. Ch. Pr. 34.*

The reason why it is desirable that notice should be given to the defendants other than the one who has called for security, is, that the stay, while it remains in force, ties the hands of the complainant and prevents him from doing anything in the further prosecution of his suit against any defendant; when, therefore, he regains the right to resume the prosecution of his suit, it is plainly just that, before doing so, he should be required to warn his adversaries that he has regained the right to go on with his suit, and means to do so. But this is somewhat aside from the point in controversy here. The question here is, can a complainant, whose action has been stayed until he gives security, relieve himself from the stay by simply filing security, without doing more? According to the rule prevailing in England he cannot; he must, in addition to filing security, give notice, and to comply with the letter of the rule he must give the notice on the same day on which security is filed. This provision of the rule was probably intended to secure to the defendant an early opportunity to inspect the security, so that he may object to it, if, for any cause, he thinks it objectionable. The rule is unquestionably just. It is designed to prevent surprise and to secure fairness in the conduct of a suit. Besides, it is manifestly just that the duty of the parties in such cases should be held to be reciprocal. A defendant obtaining an order staying the suit against him until security be given, must serve the order to make it effectual—the suit is not stayed until the order is served—and it seems to me to follow, as a matter of just reciprocity, that the filing of security by the complainant should likewise be held to be without effect until he has given notice that security has been filed. It is evident that the complainant's solicitor so understood the practice. He gave notice that security had been filed,

but he did not give it until July 28th, six days after the bond had been filed. By delaying his notice for these six days, he enlarged the time within which the defendant could properly file his answer to September 16th. The answer was in fact filed on September 11th.

My conclusion is, that the answer was filed in time, and that the defendant is, in consequence, entitled to an order vacating the decree *pro confesso*, and all the subsequent proceedings in the cause, at the cost of the complainant, and also that the complainant shall pay the defendant's taxed costs of the present application.